## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **IN RE:** | : | Case No. 21-12333-ELF |
| **SCOTT A. THOMAS,** | : | |
| Debtor | : | Chapter 11 |
| | : | |
| | : | Hearing Date: December 15, 2021 |
| | : | Time: 11:00 am |
| | : | Location: Robert N. C. Nix Sr. Federal |
| | : | Courthouse, Courtroom #1 |
| | : | 900 Market Street, Suite 400 |
| | : | Philadelphia, PA 19107 |

### DEBTOR'S MOTION TO DETERMINE THE VALUE OF THE SECURED CLAIM OF ARCH MORTGAGE ASSURANCE COMPANY, LLC PURSUANT TO 11 U.S.C. § 506(a) AND RULE 3012 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

The debtor, Scott A. Thomas ("Debtor"), by and through his counsel, John R. K. Solt, Esquire, hereby moves this honorable Court for a determination of the value of the secured claim of Arch Mortgage Assurance Company, LLC ("Arch"), secured by a second mortgage on the Debtor's principal residence, pursuant to 11 U.S.C. § 506(a) and Rule 3012 of the Federal Rules of Bankruptcy Procedure (the "Motion"), and in support thereof, Debtor respectfully states the following:

### JURISDICTION

1. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334. This proceeding is a core proceeding within the meaning of 28 U.S C. §§ 157(b)(2)(A) and (O).

2. Venue for this Motion is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief sought herein include 11 U.S.C. § 506(a) and Rule 3012 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

4. Movant consents to the entry of a final order or judgment by the Court.

## BACKGROUND

5. On August 24, 2021 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Subchapter V of Chapter 11 of Title 11 of the United States Code, 11 U.S.C. § 101, *et seq.*(the "Bankruptcy Code").

6. As of the Petition Date, the Debtor was, and remains, the owner of the real property located at 3152 Middle Creek Road, Gilbertsville, Montgomery County, Pennsylvania (the "Property") which is the Debtor's principal residence.

7. As of the Petition Date, the Property was subject to the following liens:

a. Mortgage dated March 9, 2007 from Scott A. Thomas and Tabitha L Knause in the original principal sum of $240,000.00 to Mortgage Electronic Registration Systems, Inc., as nominee for Mortgage America, Inc. and recorded on March 28, 2007 in Montogomery County Mortgage Book 12067, Page 1388 et seq.  The said mortgage was subsequently assigned to Wilmington Savings Fund Society, FSB, DBA Christiana Trust, not in its individual capacity, but solely as trustee for BCAT 2014-1TT, ("WSFS") by Assignment dated October 26, 2014, and recorded July 28, 2015, at Montgomery County Mortgage Book 13986, Page 00756 et seq. (the "WSFS Mortgage").

b. Mortgage dated March 9, 2007 from Scott A. Thomas and Tabitha L. Knause to Mortgage Electronic Registration Systems, Inc., as nominee for Mortgage America Inc., the original principal sum of $60,000.00, recorded March 28, 2007 in Montgomery County Mortgage Book 12067, Page 01406 et seq.  The said mortgage was subsequently assigned to Guaranty Residential Insurance Company of North Carolina by Assignment dated January 11, 2021 and recorded February 4, 2021 (the "Arch Mortgage") at Montgomery County Mortgage Book 15156, Page 00462 et seq.

c. Pennsylvania Department of Revenue liens totaling $175,009.49 per its proof of claim (Claim #1).

8. At the time the WSFS Mortgage and Arch Mortgage were executed, the Debtor owned the Property jointly with Tabitha L. Knause.  By deed dated August 7, 2015, Tabitha L. Knause, conveyed all of her right, title, and interest in and to the Property to the Debtor, which

deed was recorded on November 1, 2016 at Montgomery County Deed Book 6021, Page 01535 et seq.

9.     The proceeds of the loan secured by the Arch Mortgage were used entirely to complete renovations on the Debtor's restaurant at 3771 Leyfield Road, Pennsburg, Pennsylvania, and thus were used entirely in connection with the small business of the Debtor.

10.    As of the Petition Date, the value of the Property in the opinion of the Debtor was not more than $344,500.00.

11.    As of the Petition Date, the outstanding balance of the WSFS Mortgage was $347,171.60 per its proof of claim (Claim #11).

12.    As of the Petition Date, the outstanding balance on the Arch Mortgage per its proof of claim (Claim #5 ) was $126,116.78 (the "Arch Claim").

13.    After deducting the balance of the WSFS Mortgage, there is no equity in the Property to secure the Arch Mortgage.

## RELIEF REQUESTED

14.    The Debtor hereby requests a determination of the value of the secured portion of the Arch Claim pursuant to section 506(a) of the Bankruptcy Code and Bankruptcy Rule 3012.

## BASIS FOR RELIEF

15.    Bankruptcy Rule 3012 provides as follows:

> The court may determine the value of a claim secured by a lien on property in which the estate has an interest on motion of any party in interest and after a hearing on notice to the holder of the secured claim and any other entity as the court may direct.
> Fed. R.Bankr. P. 3012.

16. Furthermore, the Advisory Committee Notes to Bankruptcy Rule 3012 provide as follows:

> Pursuant to § 506(a) of the Code, secured claims are to be valued and allowed as secured to the extent of the value of the collateral and unsecured, to the extent it is enforceable, for the excess over such value. The valuation of secured claims may become important in different contexts, e.g., to determine the issue of adequate protection under § 361, impairment under § 1124, or treatment of the claim in a plan pursuant to § 1129(b) of the Code. This rule permits the issue to be raised on motion by a party in interest. The secured creditor is entitled to notice of the hearing on the motion and the court may direct that others in the case also receive such notice.
>
> An adversary proceeding is commenced when the validity, priority, or extent of a lien is at issue as prescribed by Rule 7001. That proceeding is relevant to the basis of the lien itself while valuation under Rule 3012 would be for the purposes indicated above.
>
> Fed. R. Bankr. P. 3012 Adv. Comm. Notes.

17. As contemplated by the Advisory Committee, the Debtor hereby moves under Bankruptcy Rule 3012 to determine the value of the secured portion, if any, of the Arch Claim in order to determine the validity of the treatment of such claim in the Debtor's Chapter 11 Plan for purposes of § 1190(3) of the Bankruptcy Code.

18. Section 506(a)(1) of the Bankruptcy Code provides as follows:

> An allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to setoff under section 553 of this title, is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, or to the extent of the amount subject to setoff, as the case may be, and is an unsecured claim to the extent that the value of such creditor's interest or the amount so subject to set off is less than the amount of such allowed claim. Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest.
> 11 U.S.C. § 506(a)(1).

19.	Thus, section 506(a) divides allowed claims into two classes. A claim that is "secured by a lien on debtor's property is secured 'to the extent of the value of such creditor's interest in the estate's interest in such property." *In re Baker*, 300 B.R. 639, 643 (Bankr. W.D.Pa. 2003). "To the extent the claim exceeds that value, it is deemed to be *un*secured." *Id.* (citing *McDonald v. Master Financial, Inc.* (*In re McDonald*), 205 F.3d 606, 609 (3d Cir. 2000)); *see also Johns v. Rousseau Mortgage Corp.* (*In re Johns*), 37 F.3d 1021 (3d Cir. 1994) (superseded by statute on other grounds). As set forth in *Baker*, "[i]f . . . the value of the collateral securing an obligation is less than the amount of an allowed claim, it follows *by definition* that the claim is *un*secured in the amount of that deficiency." *Baker*, 300 B.R. at 643.

20.	The Debtor avers that Arch has a secured claim in the amount of $0.00 and an unsecured claim for the total amount of its claim.

## **NOTICE**

21.	The Debtor is serving complete copies of this Motion on (i) Arch Mortgage (ii) the Office of the United States Trustee; and (iii) Richard Furtek, the trustee assigned to this case.

22.	The Debtor submits that such notice is appropriate and proper and meets the requirements of section 102(a) of the Bankruptcy Code and Bankruptcy Rule 3012.

WHEREFORE, the Debtor respectfully requests that the Court enter an Order containing the following:

(i)  granting the Motion;

(ii) disallowing the secured claim of Arch and allowing Arch a general unsecured claim in the sum of $126,116.78; and;

(iii) for other relief as is proper and just.

 

Respectfully submitted,

JOHN R. K. SOLT, P.C.

Date: November 15, 2021           /s/ John R. K. Solt_____
John R. K. Solt, Esquire
2045 Westgate Drive, Suite 404B
Bethlehem, PA 18017
I.D. No. 24686
610-865-2465 – Phone
610-691-2018 - Facsimile
Attorney for Debtor