| Fill in this information to identify the case: | |
|---|---|
| Debtor name | **Scott A Thomas** |
| United States Bankruptcy Court for the: | EASTERN DISTRICT OF PENNSYLVANIA |
| Case number (if known) | 21-12333 |

☐ Check if this is an amended filing

Official Form 425A

# Plan of Reorganization for Small Business Under Chapter 11                      02/20

**Scott A. Thomas's** Plan of Reorganization, Dated **November 22, 2021**

[If this plan is for a small business debtor under Subchapter V, 11 U.S.C. § 1190 requires that it include "(A) a brief history of the business operations of the debtor; (B) a liquidation analysis; and (C) projections with respect to the ability of the debtor to make payments under the proposed plan of reorganization." The Background section below may be used for that purpose. Otherwise, the Background section can be deleted from the form, and the Plan can start with "Article 1: Summary"]

**Background for Cases Filed Under Subchapter V**

    A. Description and History of the Debtor's Business
    A description and history of the Debtor's business is attached to the Plan as Exhibit A.

    B. Liquidation Analysis
        To confirm the Plan, the Court must find that all creditors and equity interest holders who do not accept the Plan will receive at least as much under the Plan as such claim and equity interest holders would receive in a chapter 7 liquidation. A liquidation analysis is attached to the Plan as Exhibit **B.**

    C. Ability to make future plan payments and operate without further reorganization
        The Plan Proponent must also show that it will have enough cash over the life of the Plan to make the required Plan payments and operate the debtor's business.

        The Plan Proponent has provided projected financial information as Exhibit **C.**

        The Plan Proponent's financial projections show that the Debtor will have projected disposable income (as defined by § 1191(d) of the Bankruptcy Code) for the period described in § 1191(c)(2) of $ **360,000.00**

        The final Plan payment is expected to be paid on **12/1/2027**

        **You should consult with your accountant or other financial advisor if you have any questions pertaining to these projections.**

### Article 1: Summary

This Plan of Reorganization (the *Plan*) under chapter 11 of the Bankruptcy Code (the *Code*) proposes to pay creditors of (the *Debtor*) from [Specify sources of payment, such as an infusion of capital, loan proceeds, sale of assets, cash flow from operations, or future income].

This Plan provides for:     **0** classes of priority claims;

        **5** classes of secured claims;

        **1** classes of non-priority unsecured claims; and

        **1** classes of equity security holders.

Non-priority unsecured creditors holding allowed claims will receive distributions, which the proponent of this Plan has valued at approximately **.00** cents on the dollar. This Plan also provides for the payment of administrative and priority claims.

All creditors and equity security holders should refer to Articles 3 through 6 of this Plan for information regarding the precise treatment of their claim. A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders has been circulated with this Plan.

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

### Article 2: Classification of Claims and Interests

2.01  **Class 1**          All allowed claims entitled to priority under § 507(a) of the Code other than priority tax claims under § 507(a)(8)).

Debtor **Scott A Thomas**     Case number (*if known*) **21-12333**
    Name

| | | |
|---|---|---|
| 2.02 | **Class 2** | Class two consists of the following claims, to the extent allowed as a secured claim under Section 506 of the Code: |
| | | **Class 2A-** The claim of Montgomery County Tax Claim Bureau which has a statutory real estate tax lien on the Layfield Road Property. |
| | | **Class 2B-** The claim of Upper Perkiomen School District ("UPSD") which has a statutory real estate tax lien on the Layfield Road Property. |
| | | **Class 2C-** The claim of Wilmington Savings Fund Society, FSB, doing business as Christiana Trust, not in its individual capacity, but solely as trustee for BCAT 2014-ITT ("WSFS") which holds a first priority mortgage on the Middle Creek Road Property. |
| | | **Class 2D-** The claim of Arch Mortgage Assurance Company ("Arch") which holds a second priority mortgage on the Middle Creek Road Property. |
| | | **Class 2E-** The claim of Larry Heimbach ("Heimbach") who holds a first priority mortgage on the Layfield Road Property. |
| 2.03 | **Class 3** | All non-priority unsecured claims allowed under § 502 of the Code. |
| 2.04 | **Class 4** | The interests of the individual Debtor in property of the estate. |

### Article 3: Treatment of Administrative Expense Claims, Priority Tax Claims, and Quarterly and Court Fees

| | | |
|---|---|---|
| 3.01 | **Unclassified claims** | Under section § 1123(a)(1), administrative expense claims, and priority tax claims are not in classes. |
| 3.02 | **Administrative expense claims** | Administrative expense claims consist of the allowed claims of Debtor's counsel and the Subchapter V trustee. Each holder of an administrative expense claim allowed under § 503 of the Code, will be paid in full on the effective date of this Plan, in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor. |
| 3.03 | **Priority tax claims** | The holders of priority tax claims will be paid as follows:<br>The Internal Revenue Service holds a priority tax claim. The claim will be paid from all of the Debtor's disposable monthly income in quarterly installments of at least $5,300.00. Any unpaid balance of the claim at the completion of the plan shall not be discharged. This claim is impaired.<br><br>The Pennsylvania Department of Revenue (DOR holds a priority tax claim which consists of a combined secured claim and priority tax claim of $179,902.04. The claim will accrue interest at the rate of 3% per year and will be paid from all of the Debtor's Disposable Income in quarterly installments of al least $3,600.00. Any unpaid balance of the claim at the completion of the plan shall not be discharged. DOR shall retain its lien until its secured claim is paid in full. This claim is impaired.... |
| 3.04 | **Statutory fees** | All fees required to be paid under 28 U.S.C. § 1930 that are owed on or before the effective date of this Plan have been paid or will be paid on the effective date. Not applicable |
| 3.05 | **Prospective quarterly fees** | All quarterly fees required to be paid under 28 U.S.C. § 1930(a)(6) or (a)(7) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code  Not applicable |

### Article 4: Treatment of Claims and Interests Under the Plan

4.01 **Claims and interests shall be treated as follows under this Plan:**

| Class | Impairment | Treatment |
|---|---|---|
| Class 1 - **Priority claims** excluding those in Article 3<br><br>None | ☐ Impaired<br>☑ Unimpaired | For example: "Class 1 is unimpaired by this Plan, and each holder of a Class 1 Priority Claim will be paid in full, in cash, upon the later of the effective date of this Plan, or the date on which such claim is allowed by a final non-appealable order. |
| **Class 2 – Secured claims**<br><br>**Class 2A is the allowed secured claim of Montgomery County Tax Claim Bureau ("Montgomery County TCB"). Montgomery County TCB has an allowed secured claim in the sum of $33,090.36 for delinquent real estate taxes. Montgomery County TCB will be paid the amount of its allowed secured claim plus interest at the statutory rate of 9% per** | ☐ Impaired<br>☑ Unimpaired | |

year in equal quarterly installments of $2,061.00 over the life of the plan. Upon completion of the plan, payments made under this Section satisfy the allowed secured claim and release Montgomery County TCB's lien.

**Class 2B is the allowed secured claim of Upper Perkiomen School District ("UPSD"). UPSD has an allowed secured claim for delinquent real estate taxes in the sum of $80,509.40. USPD will be paid the amount of its allowed secured claim. plus interest at the statutory rate of 9% per year in equal quarterly installments of $4,680.00 over the life of the plan until paid in full. UPSD will retain its lien during the plan. Upon completion of the plan, payments made under this Section satisfy the allowed secured claim and release UPSD's lien.**

**Class 2B is Unimpaired.**

**Class 2C is the allowed secured claim of Wilmington Savings Fund Society, FSB, doing business as Christiana Trust, not in its individual capacity, but solely as trustee for BCAT 2014-lTT ("WSFS"). Debtor is pursuing a loan modification with Selene FInance, the servicer of the mortgage held by WSFS, in an effort to bring the loan current and resolve the prepetition arrearage. If the modification is approved, Debtor will continue with the current monthly mortgage payments, as modified, directly to the creditor for the life of the plan. WSFS will retain its lien.**

**Class 2C is Impaired.**

**Class 2D is the claim of Arch Mortgage Assurance Company ("Arch") Debtor has filed a motion to determine the value of Arch's secured claim. The court will make its determination prior to confirmation of the plan. To the extent it is determined that Arch has an allowed secured claim. that claim will be paid in full in equal quarterly installments, at present value interest of 3.5%, over the term of the plan.**

**Arch shall retain its lien unitl completion of payments under the plan. Upon completion of the plan, payments made under this section satisfy the allowed secured claim and release the Arch's lien. Any portion of Arch's claim that is allowed as an unsecured claim will be treated as a general unsecured claim under Class 3 of the plan.**

 **Class 2D is impaired.**

**Class 2E consists of the allowed secured claim of Larry Heimbach ("Heimbach").**

**Heimbach will retain his lien and will receive no distribution under the plan. Debtor shall pay directly to creditor the monthly mortgage payments coming due during the term of the plan. The parties' rights will be governed by their loan documents and appplicable nonbankruptcy law.**

**Class 2E is Unimpaired**

Debtor **Scott A Thomas**     Case number (*if known*) **21-12333**
Name

| | | | |
|---|---|---|---|
| | **Class 3 – Non-priority unsecured creditors** | ☑ Impaired ☐ Unimpaired | General unsecured creditors will receive no distribution. |
| | Class 4 - **The interests of the Debtor in property of the estate.** | ☐ Impaired ☑ Unimpaired | The Debtor will retain his interest in property of he estate. |

### Article 5: Allowance and Disallowance of Claims

**5.01 Disputed Claim**

A *disputed claim* is a claim that has not been allowed or disallowed [by a final non-appealable order], and as to which either:

(i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or

(ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

**5.02 Delay of distribution on a disputed claim**

No distribution will be made on account of a disputed claim unless such claim is allowed [by a final non-appealable order].

**5.03 Settlement of disputed claims**

The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

### Article 6: Provisions for Executory Contracts and Unexpired Leases

**6.01 Assumed executory contracts and unexpired leases**

(a) The Debtor assumes, and if applicable assigns, the following executory contracts and unexpired leases as of the effective date:

dishwasher lease with Termac Corp.

(b) Except for executory contracts and unexpired leases that have been assumed, and if applicable assigned, before the effective date or under section 6.01(a) of this Plan, or that are the subject of a pending motion to assume, and if applicable assign, the Debtor will be conclusively deemed to have rejected all executory contracts and unexpired leases as of the effective date.

A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than **30** days after the date of the order confirming this Plan.

### Article 7: Means for Implementation of the Plan

**The Plan shall be funded through the Disposable Income generated by Debtor's future operations. The Debtor anticipated that it will remit its Disposable Income to the Subchapter V Trustee for disbursement consistent with the Plan. Within thirty (30) days of the Effective Date, and no later that the fifteenth date following each calendar quarter thereafter, the Debtor shall deliver to the Subchapter Trustee; (1) a report setting forth the calculation of the Disposable Income distributable to creditors; (2) a copy of the Debtor's bank account statement(s) and any other backup reasonably requested by the Subchapter V Trustee to confirm the propriety of the Disposable Income Calculation, and (3) a check payable to "Richard Furtek, Subchapter V Trustee for the Estate of Scott A. Thomas", in the amount of disposable income for the preceding quarter. If the Debtor fails to comply with any of its post-confirmation obligations, or if the Subchapter V Trustee disagrees with the Debtor's Disposable Income Calculation, he and the Debtor shall work collaboratively to resolve any such dispute, the failure of which shall give rise to the right of the Subchapter V Trustee to file with the Bankruptcy Court, a Notice of Dispute with respect to the Disposable Monthly Income Calculation, thereby enabling the Subchapter V Trustee, or any other party in Interest, to seek appropriate relief from the Bankruptcy Court. The Subchapter V Trustee shall have the right to retain from the amounts paid to him by the Debtor the sum of $600.00 quarterly on account of the time and services devoted by the Subchapter V Trustee to the services required above. The Debtor shall have the exclusive right, but shall be under no obligation, to pursue causes of action allowed under applicable law, including Bankruptcy Code. The Debtor shall prosecute any causes of action diligently so as to conclude such actions as soon as practicable, with the proceeds therefrom being paid to the Subchapter V Trustee for distribution in accordance with the Plan.**

**From and after the Effective Date, the Debtor may, in the ordinary course and without the necessity of any approval by the Bankruptcy COurt, pay the reasonable fees and expenses of professional persons thereafter incurred, including, without limitation, those fees and expenses incurred in connection with the implementation and consummation of the Plan.**

### Article 8: General Provision

| Debtor | **Scott A Thomas** | Case number (*if known*) | 21-12333 |
|---|---|---|---|
| | Name | | |

| | | |
|---|---|---|
| 8.01 | **Definitions and rules of construction** | The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan, and they are supplemented by the following definitions: [Insert additional definitions if necessary]. |
| 8.02 | **Effective Date** | The effective date of this Plan is the first business day following the date that is 14 days after the entry of the confirmation order. If, however, a stay of the confirmation order is in effect on that date, the effective date will be the first business day after the date on which the stay expires or is otherwise terminated. |
| 8.03 | **Severability** | If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan. |
| 8.04 | **Binding Effect:** | The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity. |
| 8.05 | **Captions** | The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan. |
| [8.06 | **Controlling Effect** | Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of **Pennsylvania** govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.] |

[8.07   **Retention of Jurisdiction**

The Court shall retain jurisdiction after the confirmation date for the following purposes:

(a) To take any action with respect to the subordination, allowance, disallowance validity, perfection, enforcement, or avoidance of Claims or liens, including the determination of objections to the allowance of Claims and amendments to schedules;

(b) To classify the Claim of any Claimant and to reexamine Claims which may have been allowed for purposes of voting, and to determine any objections as may be filed to a Claim:

(c) To determine any and all disputes arising under the Plan;

(d) To determine any and all applications for allowance of compensation and reimbursement of expenses;

(e) To determine any motions to reject executory contracts or unexpired leases, and to determine the amount of any Claims resulting from the rejection of any such executory contracts of any such executory contracts or unexpired leases pursuant to the Plan;

(f) To determine and and all applications, adversary proceedings and contested and litigated matters pending as of the confirmation date, or filled within 180 days thereafter;

(g) To hear, determine and enforce any causes of actions prosecuted by the Debtor pursuant to the Bankruptcy Code;

(h) To modify any provision of the Plan to the full extent permitted by the Bankruptcy Code.

(i) To correct any defect, or reconcile any inconsistency in the Plan or in the Confirmation Order as may be necessary to carry out the purpose, intent and effect of the Plan;

(j) To determine such other matters as may be provided for in the Confirmation Order or as may be authorized under any provision of the Bankruptcy Code or otherwise deemed appropriate to accomplish the Plan's intent and purpose;

(k) To grant extensions of any deadlines set in the Plan;

(l) To enforce all provisions of the Plan, including, but not limited to, the discharge provisions;

(m) To enter any Order, including injunctions, necessary to enforce the terms of the Plan and the rights and powers of the Debtor under the Bankruptcy Code or the Plan; and

(n) To enter a Final Order closing this case.

**Article 9: Discharge**

If the Debtor's Plan is confirmed under Section 119(b), confirmation of the Plan does not discharge any debt provided for in this Plan until the court grants a discharge on completion of all payments due within the first 3 years of this Plan, or as otherwise provided in Section 1192 of the Code. The Debtor will not be discharged from any debt;

(i) on which the last payment is due after the first three years of the plan, or as otherwise provided in Section 1192;

or

(ii) excepted from discharge under Section 523(a) of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

**Article 10: Other Provisions**

[Insert other provisions, as applicable.]

Debtor **Scott A Thomas** _____ Case number (*if known*) **21-12333**
Name

Respectfully submitted,

**X** **/s/ Scott A Thomas** _____   **Scott A. Thomas**
[Signature of the Plan Proponent]                [Printed name]

**X** **/s/ John R. K. Solt, Esquire** _____   **John R. K. Solt, Esquire**
[Signature of the Attorney for the Plan Proponent]   [Printed name]